UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard Anyiam Anyanwu, | Case No. 20-CV-2475 (NEB/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Board of Immigration Appeals, | |
| Defendant. | |

Plaintiff Richard Anyiam Anyanwu has been subject to a final order of removal since 1998. *See Anyanwu v. Board of Immigration Appeals*, Case No. 18-CV-0707, 2018 WL 5660158, at *1 (D. Minn. Sept. 27, 2018). Despite that order, Anyanwu was neither removed nor voluntarily departed from the country. In 2003, Anyanwu was arrested and charged with attempted first-degree murder and first- and second-degree assault. *See State v. Anyanwu*, 681 N.W.26 411, 412 (Minn. Ct. App. 2004). Between roughly that time and today, Anyanwu has bounced between the Minnesota prison system and the Minnesota Security Hospital (where he resides now). *Anyanwu*, 2018 WL 5660158, at *1.

In this action, Anyanwu alleges that he is now entitled to a less restrictive housing arrangement as a matter of state law. Due to the deportation order still in effect, however, Anyanwu has not been placed in new housing. Anyanwu faults the Board of Immigration Appeals ("BIA") for his continued detention at the Minnesota Security Hospital and asks that the order of removal be vacated. (*See* Compl. at 5 [ECF No. 1].)

1

Anyanwu also seeks relief based on the other ancillary effects of the order of removal, such as his inability to earn an income while detained. (*Id*. at 4–5.) Finally, Anyanwu alleges that state facility officials have been deliberately indifferent to his medical needs. (*See* Addendum [ECF No. 1-1 at 2–3].)

Anyanwu did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status. [*See* ECF No. 2.] After review, this Court concludes that Anyanwu qualifies financially for IFP status. That said, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level. . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are

to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Judges of this District have previously explained to Anyanwu that "[t]o the extent Anyanwu seeks to challenge the deportation order, the BIA's decision denying his motion to reopen his deportation proceedings, or any other immigration decision, this federal district court lacks jurisdiction." *Anyanwu*, 2018 WL 5660158, at *1; *see also Anyanwu v. Board of Immigration Appeals*, Case No. 20-CV-0898 (DSD/TNL), 2020 2951059, at *1 (D. Minn. May 13, 2020). "Pursuant to § 106 of the REAL ID Act, a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion." *Tostado v. Carlson*, 481 F.3d 1012, 1014 (8th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)).

Not all of Anyanwu's claims depend upon a finding that his order of removal is unlawful; for example, even if Anyanwu is subject to a lawful order of removal, he is entitled to constitutionally adequate medical care. But the only defendant named to this action is the BIA. Anyanwu is in the custody of the State of Minnesota, not the BIA. It is therefore the State of Minnesota (through its actors) against whom Anyanwu must bring claims of deliberate indifference to medical needs; this Court cannot order the BIA to provide Anyanwu, who is not in BIA's custody, with medical care. Similarly, to the extent that Anyanwu believes that state actors have failed to follow state law by transferring him to a different facility, such a claim must be brought against the specific state actors being alleged to be in violation of state law; this Court cannot order the BIA to transfer the detention of a person over whom the BIA lacks custody.

3

The hook by which Anyanwu attempts to connect the BIA to his claims is the order of removal.  Without the order of removal, Anyanwu contends, his custody would have been transferred to a new facility where he would have received better medical care and would have been afforded the opportunity to earn an income.  But as Anyanwu knows after his prior litigation in this District, this Court lacks the authority to invalidate the order of removal.  *See* 8 U.S.C. § 1252(a)(5).  This is true whether the mode through which Anyanwu seeks invalidation is a petition for a writ of habeas corpus (as he has sought in the past) or through civil remedies (as he seeks in this case).  *Id*.  Simply put, this Court cannot vacate the order of removal, direct the BIA to reopen proceedings, or otherwise act in appellate judgment of the order of removal.  To the extent that Anyanwu requests this as a remedy, this Court lacks jurisdiction over the action.  To the extent that Anyanwu seeks other relief from the BIA, he has not established that the BIA has acted unlawfully or that the BIA could be ordered by this Court to effect meaningful relief.  This matter should therefore be dismissed without prejudice.

Two matters merit further comment.  First, Anyanwu has filed a motion for a preliminary injunction seeking to be released to a lower-security facility.  [*See* ECF No. 3.]  Again, though, Anyanwu is not in the custody of the BIA, which is the sole defendant to this action and the party from which injunctive relief is sought.  The BIA cannot transfer or release a detainee who is not within its custody.  And although the BIA can vacate or reconsider an order of removal (which could, in turn, lead to Anyanwu's transfer by state officials), this Court cannot compel the BIA to vacate or reconsider an

4

order of removal. *See* 8 U.S.C. § 1252(a)(5). The motion for a preliminary injunction should therefore be denied for the same reasons that this action should be dismissed.

Finally, Anyanwu has requested that the Court appoint counsel in this matter. [*See* ECF No. 7.] "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998); *see also In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986) ("The decision to appoint counsel in civil cases is committed to the discretion of the district court."). This Court has strongly considered appointment of counsel in this matter and has some doubts regarding Anyanwu's ability to represent himself in legal proceedings of any complexity. Ultimately, however, this Court does not recommend appointment in this matter for two reasons. First, Anyanwu's inability to procure from this Court review of the order of removal is not due to his inability to adequately plead his claims. Instead, Anyanwu cannot procure review of the order of removal because this Court lacks jurisdiction to review the order of removal. An attorney is exceedingly unlikely to be of any help to Anyanwu in this regard. Second, with respect to the deliberate-indifference claim, Anyanwu has failed to make clear how or why he believes the current standard of care at the Minnesota Security Hospital is substandard. (*See generally* Addendum.) Anyanwu appears to think that he will receive *better* medical care should he be transferred, but even accepting this unsupported allegation as correct, that would not suffice to show that his current care is constitutionally deficient. Without specific allegations that, if proved true, would tend to suggest that someone has acted unlawfully towards Anyanwu, this Court cannot recommend that counsel be appointed on his behalf.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Richard Anyiam Anyanwu [ECF No. 2] be **DENIED**.

3. Anyanwu's motion for a preliminary injunction [ECF No. 3] be **DENIED**.

4. Anyanwu's motion for appointment of counsel [ECF No. 7] be **DENIED**.


Dated: February 9, 2021              *s/ Hildy Bowbeer*_____
                                     Hildy Bowbeer
                                     United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).