UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD ANYIAM ANYANWU, | Case No. 20-CV-2475 (NEB/HB) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| BOARD OF IMMIGRATION APPEALS, | |
| Defendant. | |

Plaintiff Richard Anyiam Anyanwu sued the Board of Immigration Appeals ("BIA") alleging violations of his civil rights under 42 U.S.C. Section 1983. In a February 9, 2021 Report and Recommendation, United States Magistrate Judge Hildy Bowbeer recommends that the matter be dismissed without prejudice. (ECF No. 12 ("R&R").) Judge Bowbeer also recommends denying Anyanwu's pending application to proceed *in forma pauperis* and his remaining motions. (*Id.*) Anyanwu filed objections to the R&R, and so the Court conducts a *de novo* review. (ECF No. 17 ("Obj."); 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b)(3)). Because Anyanwu is proceeding *pro se*, the Court construes his objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## BACKGROUND

Anyanwu, a native and citizen of Nigeria, has been subject to a final order of removal since 1998. *Anyanwu v. Bd. of Immigr. Appeals*, No. 18-CV-707 (NEB/TNL), 2018

WL 5660158, at *1 (D. Minn. Sept. 27, 2018), *report and recommendation adopted,* 2018 WL 5635116 (D. Minn. Oct. 31, 2018). In 2003, Anyanwu was charged with attempted first-degree murder and first- and second-degree assault. *Id.* (citing *State v. Anyanwu*, 681 N.W.2d 411, 412 (Minn. Ct. App. 2004)). Since then, Anyanwu has spent stretches of time in both the Minnesota prison system and the Minnesota Security Hospital. *Id.*; (ECF No. 1-11 at 19.) Due to his mental illness, Anyanwu currently resides in the Minnesota Security Hospital; he wishes to transfer to a group home. (ECF No. 1 ("Compl.") at 6–7.[1])

The State granted Anyanwu a provisional discharge to a group home, but Anyanwu asserts the BIA's removal order prevented the discharge. (ECF No. 1-1 at 1; *see id.* at 3; Compl. at 7; ECF No. 1-11 at 1–3; ECF No. 18.) According to Anyanwu, he could be moved to a group home if the BIA would release his deportation order. (Compl. at 6–7; *see* ECF No. 1-5 ("[B]ecause of [Anyanwu's] immigration status, we are unable to place him at a community group home").) Anyanwu alleges the BIA's removal order violates his constitutional rights because it prevents the provisional discharge. In addition to monetary compensation, Anyanwu asks this Court to vacate the BIA's removal order so he can move to a group home.[2] (*See* Compl. at 7 (asking for "[i]njunctive relief from custody of B.I.A."); ECF No. 1-1 at 3 (asking the Court to give Anyanwu "protection from

---

[1] Page references to the Complaint refer to the document's pagination.

[2] Many of the exhibits attached to the Complaint are substantially similar to those Anyanwu attached to his 2018 petition for *habeas corpus*. *See Anyanwu v. Bd. of Immigr. Appeals*, No. 18-CV-707 (NEB/TNL), ECF Nos. 1-2–1-4, 1-6–1-7, 1-12–1-14, 1-17–1-18).

2

the [BIA] not to deport" him); ECF No. 18 at 1 ("I am appealing for my own defense not to be deported.").) He also alleges that his current medical care is unconstitutionally inadequate. (*See* ECF No. 1-1 at 1–2 (asserting that he has the right "to receive treatment for a mental illness" and "to adequate psychiatric care . . . necessary to maintain patient health and safety").)

Anyanwu also moves to proceed *in forma pauperis* (IFP), for a preliminary injunction that would require that he be transferred to a lower-security care facility, and for appointment of counsel. (ECF Nos. 2, 3, 4, 7.)

## ANALYSIS

### I.   Failure to State a Claim

When a litigant seeks IFP status, the Court must review the action and dismiss it if the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In other words, the complaint must allege a wrong that the Court can remedy. During this review, the Court accepts as true all the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008); *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). *Pro se* complaints, like this one, must be construed liberally. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Anyanwu's Complaint alleges that the BIA's refusal to rescind his order of removal keeps him from being transferred from a state hospital to a group home. (Compl.

at 6–7.) Because he asks the Court to prevent the BIA from deporting him, the Court treats this claim as a petition to review his deportation order. As the R&R notes and as this Court has explained to Anyanwu previously, it has no jurisdiction to issue the order Anyanwu seeks. (R&R at 3.) "To the extent Anyanwu seeks to challenge the deportation order . . . or any other immigration decision, this federal district court lacks jurisdiction." *Anyanwu*, 2018 WL 5660158, at *3. Under Section 106 of the REAL ID Act, "a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion." *Tostado v. Carlson*, 481 F.3d 1012, 1014 (8th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)) (holding that a habeas petition was not a proper avenue for review of a removal order because the REAL ID Act established the procedures for review). As a result, to the extent Anyanwu seeks a holding that his order of removal is unlawful, this Court lacks jurisdiction to grant relief.

Anyanwu nonetheless insists that the election of United States President Joseph R. Biden entitles him to a new argument because the Biden administration has changed the nation's immigration policies. (Obj. at 1.) But nothing about the change in the presidential administration has any effect on this Court's jurisdiction.

To the extent that Anyanwu's claims do not rely on an argument that the order of removal is unlawful, the BIA is not an appropriate defendant for this action. Civil rights suits afford detainees and prisoners a vehicle to challenge the conditions of their confinement while leaving undisturbed the core authority legitimizing their detention in

4

the first instance. *See e.g.*, *Bucklew v. Precythe*, 139 S. Ct. 1112, 1128 (2019) (using a § 1983 claim to challenge the state's selected method for lethal injection). But to succeed on such a challenge, the defendant must be the party responsible for the allegedly unconstitutional conditions of confinement. In arguing that his current medical care is inadequate, Anyanwu acknowledges that he is in state custody. (ECF No. 1-1 at 1 ("State of Minnesota has current jurisdiction under (MID) Mentally Ill and Dangerous order."); Compl. at 6–7 (similar); *see* ECF No. 1-11 at 2 (granting Anyanwu a provisional discharge).)[3] The BIA does not control the conditions of Anyanwu's medical care and is not the appropriate defendant for this claim.

Because Anyanwu fails to state a claim on which relief may be granted, the Court dismisses his complaint. The Court denies his application for *in forma pauperis* status as moot.

II.     **Motion for a Preliminary Injunction**

Anyanwu also filed a motion for a preliminary injunction seeking transfer to a lower-security facility or a group home. (ECF No. 3.) But he does not dispute that he is currently in state custody. The BIA is the only defendant to this action and, as explained above, the Court cannot compel the BIA to review or vacate the order of removal that

---

[3] The State of Minnesota Special Review Board recommended granting Anyanwu a provisional discharge but denying his discharge from civil commitment as mentally ill and dangerous. (ECF No. 1-11 at 21.)

allegedly prevents Anyanwu from being transferred to a group home. Therefore, the motion for a preliminary injunction is denied.

### III.     Motion for Appointment of Counsel

Finally, Anyanwu requests that the Court appoint counsel to help him litigate this matter. (ECF No. 7.) A pro se litigant is not statutorily or constitutionally entitled to counsel in a civil case. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citation omitted). To determine whether to appoint counsel, a court considers "the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim." *Id.* (citation omitted). The Court acknowledges that Anyanwu will continue to struggle with representing himself in this matter. But even if the Court appointed counsel, it is unlikely that counsel could help Anyanwu with his current claims because, as explained above, the Court lacks jurisdiction to review the BIA's order of removal. Furthermore, to the extent Anyanwu argues his current care at the Minnesota Security Hospital is inappropriate, he has failed to make clear why his current care is unconstitutional. For these reasons, the motion to appoint counsel is denied.

### CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.     The Report and Recommendation (ECF No. 12) is ACCEPTED;

2. The action is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. Section 1915(e)(2)(B);

3. Anyanwu's application to proceed *in forma pauperis* (ECF No. 2) is DENIED as moot;

4. Anyanwu's motion for a preliminary injunction (ECF No. 3) is DENIED; and

5. Anyanwu's motion for appointment of counsel (ECF No. 7) is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: April 26, 2021              BY THE COURT:

                                                        s/Nancy E. Brasel
                                                        Nancy E. Brasel
                                                        United States District Judge